1  JAMES M. PETERSON, ESQ. (Bar No. 137837)
   peterson@higgslaw.com
2  JASON C. ROSS, ESQ. (Bar No. 252635)
   rossj@higgslaw.com
3  EDWIN M. BONISKE, ESQ. (Bar No. 265701)
   boniske@higgslaw.com
4  HIGGS FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
5  San Diego, CA 92101-7913
   TEL: 619.236.1551
6  FAX: 619.696.1410

7  Attorneys for Defendant
   CSK AUTO, INC., n/k/a O'REILLY AUTO
8  ENTERPRISES, LLC, erroneously sued and served
   herein as O'REILLY AUTOMOTIVE STORES,
9  INC. and O'REILLY AUTOMOTIVE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK LEIDENHEIMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE STORES, INC., a corporation; O'REILLY AUTOMOTIVE, INC., a corporation; and DOES 1-500, inclusive,<br><br>Defendants. | CASE NO. 12-CV-06880-JAK (AGRx)<br><br>**FURTHER JOINT STATUS REPORT**<br><br>CASE FILED: July 3, 2012<br>REMOVED: August 9, 2012 |

Pursuant to the February 12, 2013 Order staying this action (Docket Nos. 24-25), and the May 9, 2016 Order Continuing Stay and Setting Date for Further Report (Docket No. 62), Defendant CSK AUTO, INC. n/k/a O'Reilly Auto Enterprises, LLC ("CSK") and Plaintiff MARK LEIDENHEIMER ("Plaintiff") respectfully submit the following Joint Status Report regarding the parallel actions currently pending in the California state and federal courts.

/ / /

7548485.1

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Further Joint Status Report

**A.     This Action.**

On February 12, 2013, the Court granted CSK's motion to stay this action pending resolution of two previously-filed class action lawsuits (one in state court and one in federal court) which collectively subsume all of the claims raised in Plaintiff's Class Action Complaint. (Docket Nos. 24-25.) The Court also denied CSK's Motion to Enforce Settlement Agreement, or for Summary Judgment, without prejudice to CSK's ability to re-file it after the stay is lifted. (Id.)

The Court ordered that the Parties provide an update every 60 days outlining any developments in the two class action lawsuits. (Docket No. 24 at p. 3.) The Parties have filed 17 previous status reports to date, the last on May 6, 2016. (Docket Nos. 26, 28, 30, 32, 34, 36, 39, 41, 44, 46, 48, 50, 52, 55, 57, 59, and 61). On May 9, 2016, the Court entered an Order upholding the stay and requiring another status report by July 5, 2016. (Docket No. 62.) Since the prior status report, the PAGA portion of the *Owens* case is now being litigated in Los Angeles County Superior Court. The class certification motion hearing in *Jimenez* has been re-calendared for Monday, July 11, 2016.

**B.     The *Owens* Case.**

The hearing on Plaintiff's motion for class certification in the *Owens v. CSK Auto, Inc.* action (Los Angeles Superior Court, Case No. BC475210) occurred on December 16, 2013. The Court took the matter under submission, and, on January 13, 2014, the Court entered an order granting class certification in the case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

CSK immediately filed a petition for writ of mandate with the California Court of Appeal, Second District, Division Eight, seeking to overturn that order. On March 11, 2014, the Court of Appeal issued an Alternative Writ of Mandate and Order directing the trial court to either vacate its order granting class certification or, alternatively, to show cause why a peremptory writ of mandate requiring it to do so should not issue. Ultimately, on July 9, 2014, after further briefing in the trial court, the trial court issued a ruling vacating its prior certification order, and denied certification in the case.

In September 2014, the *Owens* plaintiff appealed that ruling, and the trial court proceedings were later officially stayed. On October 28, 2015, pursuant to stipulation of the parties, the Court of Appeal dismissed the appeal and issued a remitter to the trial court. Since December 2015, multiple status conferences have been held, and the case has been deemed "complex." The Parties are currently litigating the *Owens* plaintiff's representative claim under the California Labor Code's Private Attorney General Act ("PAGA").

**C.    The *Jimenez* Case.**

The *Jimenez v. O'Reilly* action is currently pending in the Central District of California before the Honorable Andrew J. Guilford (Case No. SACV 12-310 AG (JPRx)). The class certification motion has been filed and fully briefed.

However, just before the *Jimenez* certification hearing on February 3, 2014, the *Owens* court entered an order certifying a rest break class which completely overlapped with the proposed class in *Jimenez*. As noted in CSK's original motion to stay this action, the *Jimenez* lawsuit was the first-filed action, and was brought on behalf of a putative class of store managers. The *Owens* action was later-filed, but had a broader class definition, which included store managers. Recognizing this conflict, and facing abatement, the *Owens* plaintiff amended his complaint to specifically exclude store managers from the class definition. However, the *Owens* plaintiff then later moved for certification of a class specifically including store

managers, which the trial court granted, resulting in potentially overlapping classes.

Further, the two certification motions in *Owens* and *Jimenez* seek to certify the exact same rest break class, based on the same theory (illegal written policy omitting "major fraction thereof" language), and based on essentially the same evidence (a handful of isolated "policy" documents and only the class representative's declaration, but no others). Given the overlap of potential classes, and the issues and records in *Owens* and *Jimenez*, the *Jimenez* court had stayed the action as of February 7, 2014 pending resolution of the writ proceedings in *Owens*. (Case No. SACV 12-310, Docket No. 41.) Then, following the *Owens* plaintiff's appeal, the Court extended that stay to at least March 14, 2016, pending resolution of the appeal in *Owens*, at which time there will be a further status conference. (*Id.* at Docket No. 53.)

At the March 14, 2016 status conference, the Court removed the stay, and reset the class certification motion for hearing, to be preceded by supplemental briefing of the parties. The supplemental briefing has been completed, and the hearing is set to occur on July 11, 2016.

DATED: June 30, 2016　　　　　　　　　HIGGS FLETCHER & MACK LLP

By: /s/ *Jason C. Ross*
　　JAMES M. PETERSON, ESQ.
　　JASON C. ROSS, ESQ.
　　EDWIN M. BONISKE, ESQ.
　　Attorneys for Defendants
　　CSK AUTO, INC.

DATED: June 30, 2016　　　　　　　　　LAW OFFICES OF ARTHUR KIM

By: /s/ *Arthur Kim*
　　ARTHUR KIM, ESQ.
　　Attorney for Plaintiff
　　MARK LEIDENHEIMER